UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA CHRISTINE RODRIGUEZ,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 20-cv-13372
Hon. Matthew F. Leitman

_____/

**<u>ORDER (1) SUSTAINING PLAINTIFF'S OBJECTIONS (ECF No. 14) TO REPORT AND RECOMMENDATION (ECF No. 13); (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11); (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 10); AND (4) REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS</u>**

In this action, Plaintiff Linda Christine Rodriguez challenges the denial of her application for disability insurance benefits under the Social Security Act. (*See* Compl., ECF No. 1.) Both Rodriguez and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Rodriguez Mot., ECF No. 10; Comm'r Mot., ECF No. 11.) The assigned Magistrate Judge then issued a Report and Recommendation in which he recommended that the Court deny Rodriguez's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 13).

Rodriguez has now filed timely objections to the R&R. (*See* Objections, ECF No. 14.) The Court has carefully reviewed Rodriguez's objections and concludes

1

that she is entitled to relief. Therefore, for the reasons explained below, the Court **SUSTAINS** Rodriguez's objections, **GRANTS** her motion for summary judgment, **DENIES** the Commissioner's motion, and **REMANDS** this action for further administrative proceedings.

# I

## A

On September 11, 2018, Rodriguez applied for disability insurance benefits under the Social Security Act. (*See* Admin R., ECF No. 8, PageID.179-182.) In her application, Rodriguez claimed that the following impairments, among others, limited her ability to work: diabetes, hyperlipidemia, dyslipidemia, obesity, and depression. (*See id*., PageID.202.) The Social Security Administration denied her application on March 19, 2019. (*See id.*, PageID.113.)

## B

On May 3, 2019, Rodriguez requested a hearing on her application before an Administrative Law Judge (the "ALJ"). That hearing was held on March 11, 2020. Both Rodriguez and a vocational expert testified at the hearing. (*See id.*, PageID.67-95.) The ALJ also considered opinions from two consultants who had examined Rodriguez and/or reviewed her medical records. First, the ALJ considered the opinion of Natalie Rea-Michalak, a state agency psychological consultant. Rea-Michalak concluded that Rodriguez had "moderate" limitations with respect to

concentration, persistence, or the ability to maintain pace and "mild" limitations with respect to the ability to understand, remember, or apply information. (*Id.*, PageID.106.) Rea-Michalak further determined that Rodriguez was "moderately limited" in the "ability to carry out detailed instructions" and "moderately limited" in the "ability to maintain attention and concentration for extended periods." (*Id.*, PageID.110.) Finally, Rae-Michalak reported that Rodriguez's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" was "moderately limited." (*Id.* PageID.111.)

Second, the ALJ considered the opinion of Dr. Sung-Ran Cho, a consultant who personally evaluated Rodriguez in January 2019. Dr. Cho characterized Rodriguez's affect as "anxious" and reported that "[s]he spoke in a normal tone of voice with a moderate amount of spontaneity and productivity. Her answer [sic] was delayed and her speech had staccato quality." (*Id.*, PageID.485.) He further described Rodriguez' "attitude/behavior" as follows:

> Miss Linda Rodriguez was clean and was simply but neatly groomed. She walked into the office without any obvious problems with her gait. Her hair was neatly styled. She wore eyeglasses. She was anxious and she was talkative. She gave detailed information about her illness and about her family member's deaths. She was pleasant. She was polite and cooperative. She was in good contact with reality.

3

(*Id.*) Dr. Cho also performed several tests on Rodriguez. For example, he asked her to "do serial 7s from 100," and she "slowly" responded "93, 87, 80, 73, 66, 59, 52, 45, 38, 31, 24, 17, 10, 3." (*Id.*, PageID.486.) She also correctly identified five large cities, was able to name the previous six Presidents in order, "was able to repeat 6 numbers forward and 4 numbers backward," and "was able to remember all 3 objects given to her 3 minutes earlier." (*Id.*, PageID.485-486.) Based on his evaluation, Dr. Cho concluded that Rodriguez had a Global Assessment of Functioning ("GAF") score of 58,[1] had a "fair" prognosis for "psychiatric condition" and that she was "able to function all right with everyday life activities." (*Id.*, PageID.486-487.)

## C

The ALJ issued a written decision denying Rodriguez's application for benefits on March 29, 2019. (*See id.*, PageID.51-61.) The ALJ concluded that Rodriguez was not disabled and therefore not entitled to benefits. (*See id.*, PageID.61.) Relevant here, in reaching that conclusion, the ALJ declined to accept Rea-Michalak's conclusion that Rodriguez had "moderate limitations" in concentrating, persisting, or maintaining pace:

> In January 2019, [Rae-Michalak] concluded that the claimant had mild limitations in her ability to understand, remember, or apply information and in adapting or managing oneself; no limitation in interacting with others;

---

[1] As the ALJ explained, "a GAF [score] from 51 to 60 is indicative of 'moderate' symptoms OR moderate difficulty in social, occupational, or school functioning." (Admin. R., ECF No. 8, PageID.55.)

4

> and moderate limitation in concentrating, persisting, or maintaining pace (Ex 2A/10) and opined that the claimant "retains ability to perform simple work activities" (*Id.* at 15). This opinion is less persuasive because the record reveals mild limitation in concentrating, persisting, or maintaining pace and no limitation in adapting or managing oneself except for her subjective report. This is further supported by the consultative mental status exam during which she denied any inpatient or outpatient psychiatric treatment, and she was able to repeat six out of six numbers forward and four numbers backward, and able to remember all three objects given to her three minutes earlier; provide accurate information; and do calculations correctly (Ex 9F); and was able to drive, shop, go out alone, manage her finances, and socialize (Ex 4E).

(*Id.*, PageID.59.)

Likewise, the ALJ discounted the significance of the GAF score that Dr. Cho assigned to Rodriguez:

> A consultative mental status exam was conducted by Dr. Cho in January 2019. [.... Claimant] was diagnosed with unspecified anxiety disorder and rule out dysthymic disorder and assigned a GAF of 58. Her prognosis was fair for psychiatric condition (Ex 9F). A GAF from 51 to 60 is indicative of "moderate" symptoms OR moderate difficulty in social, occupational, or school functioning (DSM-IV, 4 th Ed., page 32). GAF scores are not determinative of a claimant's legal disability because they do not describe specific work-related limitations or objective mental abnormalities. Rather, GAF scores provide a "snapshot opinion" of the claimant's overall functioning at the time of the evaluation. Furthermore, if symptom severity and functioning are discordant, the GAF reflects the lower of the two. As such, a functional person could have a low score. For these reasons, I do not find the GAF scores to be persuasive.

5

(*Id.*, PageID.55.)

Based on the ALJ's review of the record, she concluded that Rodriguez had only a "mild limitation" in (1) "understanding, remembering or applying information" and (2) "concentrating, persisting or maintaining pace." (*Id.*, PageID.55-56.) The ALJ then found that those limitations were "non-severe." (*Id.*) Finally, the ALJ determined that Rodriguez had the residual functional capacity ("RFC") to perform "light" work with certain accommodations. (*See id.*, PageID.57.) But none of those accommodations related to Rodriguez's *mental* impairments. Instead, the only accommodations included in the RFC were related to Rodriguez's *physical* impairments:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can stand and walk four hours in an eight-hour workday; sit six hours in an eight-hour workday; and lift 20 pounds occasionally and 10 pounds frequently. She can occasionally bend, squat, kneel, stoop, crawl, balance, crouch, and climb. She should never climb ladders, ropes, or scaffolds.

(*Id.*)

Based on Rodriguez's RFC, the ALJ determined that Rodriguez was "capable of performing [her] past relevant work as a benefits representative." (*Id.*, PageID.59.) The ALJ therefore concluded that Rodriguez was "not disabled." (*Id.*, PageID.61.)

6

Rodriguez appealed the ALJ's decision to the Appeals Council, but that body denied review. (*See id.*, PageID.35.)

## B

On December 23, 2020, Rodriguez filed this action seeking judicial review of the administrative decision denying her application for benefits. (*See* Compl., ECF No. 1.) Rodriguez and the Commissioner then filed cross-motions for summary judgment. (*See* Rodriguez Mot., ECF No. 10; Comm'r Mot., ECF No. 11.)

The assigned Magistrate Judge issued the R&R on the parties' cross-motions on August 13, 2022. (*See* R&R, ECF No. 13.) The Magistrate Judge recommended granting the Commissioner's motion and denying Rodriguez's motion. (*See id.*) Among other things, the Magistrate Judge concluded that "the ALJ's failure to include any limitations in the RFC to account for a mild psychological impairment" did not constitute reversible error. (*Id.*, PageID.623.)

## II

## A

Rodriguez filed her objections to the R&R on August 15, 2022. (*See* Objections, ECF No. 14.) The Commissioner responded to the objections on September 9, 2022. (*See* Comm'r Resp. to Objections, ECF No. 15.). Rodriguez's objections relate only to the ALJ's treatment of her mental impairments. Rodriguez

does not raise any objections related to how the ALJ addressed her physical impairments.[2]

**B**

In one of her objections, Rodriguez argues that the ALJ erred when she failed to state sufficient reasons for not including any limitations in the RFC related to her (Rodriguez's) mental impairments. (*See* Objections, ECF No. 14, PageID.640-641.) The Court agrees. The ALJ addressed Rodriguez's mental impairments only once in the section of her decision describing Rodriguez's RFC, and that paragraph was limited to explaining why the ALJ believed that Rodriguez's impairments related to concentrating, persisting, or maintaining pace were mild. (*See* Admin. R., ECF No. 8, PageID.59.) But identifying those impairments as mild is no substitute for explaining why the RFC did not include any limitations stemming from the impairments. Such a failure is troubling because the ALJ acknowledged that Rodriguez's "mild impairment[s]" related to her (1) "understanding, remembering or applying information" and (2) "concentrating, persisting or maintaining pace." (*Id.*, PageID.55-56.) If the ALJ believed that she did not need to account for these

---

[2] When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

8

seemingly-meaningful (although admittedly mild) limitations in the RFC, the ALJ needed to explain the basis for that belief.

The Commissioner counters that the ALJ did not need include such an explanation in her RFC. In support of that argument, the Commissioner relies on the report and recommendation issued in *Shamsud-Din v. Comm'r of Soc. Sec.*, 2017 WL 3574694 (E.D. Mich. July 24, 2017). (*See* Comm'r Resp. to Objections, ECF No. 15, PageID.652-653.) In *Shamsud-Din,* the assigned Magistrate Judge explained that "courts in this district have found that mild limitations do not require incorporation into an RFC assessment." *Shamsud-Din*, 2017 WL 3574694, at *6 (internal quotation marks omitted; citing cases). And the Magistrate Judge in *Shamsud-Din* concluded that the ALJ did not err when the ALJ failed to incorporate the claimant's mild limitations into the RFC. *See id.*

The Court declines to follow *Shamsud-Din* for several reasons. First, as the Commissioner acknowledges, "*Shamsud-Din* did not set down a black-letter law that mild mental limitations never require RFC limitations; rather, it reasoned the relevant issue in any case is simply whether the ALJ explained why the mild psychological findings did not affect the RFC." (Comm'r Resp. to Objections, ECF No. 15, PageID.652.) But here, the ALJ never made any effort to "explain[] why the mild psychological findings did not affect the RFC." Instead, the ALJ explained only why she believed that Rodriguez's impairments in concentrating, persisting, or

9

maintaining pace were mild rather than moderate. Second, courts have reached different conclusions with respect to an ALJ's duties in these circumstances. Indeed, *Shamsud-Din* noted that other courts have held that "if [an] ALJ believed that [a p]laintiff's mild limitation in social functioning did not translate into a non-exertional limitation, [the ALJ has] a duty to provide an explanation for that belief in his decision." *Shamsud-Din*, 2017 WL 3574694, at *6 (citing cases). And at least one other Magistrate Judge on this Court has explained that "most courts hold that where an ALJ finds even mild limitations in concentration at step two, the ALJ must either incorporate this finding into his or her RFC or explain why these mild deficits do not translate into functional limitations." *Farahani v. Comm'r of Soc. Sec.*, 2022 WL 3216407, at *14 (E.D. Mich. June 15, 2022) (citing cases), *report and recommendation adopted at* 2022 WL 2872226 (E.D. Mich. July 21, 2022)). Finally, "[c]ourts in this district have also found [] that an ALJ's failure to explain how a claimant's mild psychological limitations affect the RFC assessment may constitute reversible error where the ALJ makes no mention of the claimant's mental impairment in the RFC analysis." *Shamsud-Din*, 2017 WL 3574694, at *6. Here, the ALJ did not sufficiently address Rodriguez's mental impairments in her RFC analysis.

Under these circumstances, the Court concludes that a remand is required. On remand, the ALJ shall either (1) explain why she omitted from the RFC any limitations related to Rodriguez's mild mental impairments or (2) include such limitations in the RFC.

B

In Rodriguez's next objection, she says that the ALJ erred when she (the ALJ) discounted Rae-Michalak's finding that Rodriguez had moderate limitations on the ground "that [] Michalak's opinion was inconsistent with the mental examination performed by [] Dr. Cho." (Objections, ECF No. 14, PageID.634.) More specifically, Rodriguez argues that "the ALJ failed to discuss many of Dr. Cho's findings" that were consistent with Rae-Michalak's opinions that Rodriguez had "at least some deficits in areas assessing concentration, persistence, and maintaining pace," such as "Dr. Cho's comment that Rodriguez performed [certain] calculations 'slowly'" and his observation that "Rodriguez's answers were 'delayed' during her examination." (*Id.*, PageID.634-635.)

At this time, the Court is not yet prepared to hold that the ALJ's failure to mention these aspects of Dr. Cho's report, standing alone, amounted to a reversible error. However, it would have preferable if the ALJ had addressed these aspects of Dr. Cho's report and explained how, notwithstanding those aspects, Dr. Cho's report was inconsistent with Rae-Michalak's finding of moderate impairment. Since the

Court is remanding for further proceedings for the reasons explained above, the Court directs the ALJ to explain on remand (1) whether she considered the portions of Dr. Cho's opinions identified by Rodriguez (*i.e.*, the portions related to her "slow[]" and "delayed" responses to Dr. Cho's questions) and (2) what impact, if any, those portions of Dr. Cho's analysis have on the ALJ's RFC determination and on her decision to deem Rae-Michalak's opinion of moderate impairment less persuasive. Having the ALJ address these matters in her decision on remand will facilitate any further review by this Court that may be necessary.

## C

Finally, Rodriguez argues that the ALJ erred when she discounted Rae-Michalak's conclusions based on Rodriguez's ability to "drive, shop, go out alone, manage her finances, and socialize." (*Id.*, PageID.637.) Rodriguez further asserts that the ALJ did not "sufficiently consider … Rodriguez's own allegations regarding limitations in mental functioning" when the ALJ discounted Rae-Michalak's opinions. (*Id.*, PageID.639.) The Court again declines to hold, at this time, that the ALJ's discounting of Rae-Michalak's opinions on these grounds was reversible error. But, on remand, the Court directs the ALJ to explain in more detail how Rodriguez's apparent ability to do some driving, shopping, management of her finances, and socializing supports the conclusion that Rodriguez is able to perform work – which requires more than a limited ability to complete the aforementioned

12

activities – without any mental limitations.  Once again, such an analysis will greatly assist this Court in the event that further review of this matter is necessary.

### III

For all of the reasons explained above:

- Rodriguez's objections to the R&R (ECF No. 14) are **SUSTAINED**;

- Rodriguez's motion for summary judgment (ECF No. 10) is **GRANTED** to the extent it seeks a remand;

- The Commissioner's motion for summary judgment (ECF No. 11) is **DENIED**; and

- This action is **REMANDED** to the Commissioner for further administrative proceedings consistent with this order.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
